Jamaica Station                    **Phillip Eng**                **Stephen N. Papandon**
Jamaica, NY 11435-4380             President                      Acting Vice President, General Counsel & Secretary
718 558-8264 Tel
718 558-8211 Fax

(718) 558-6820



January 5, 2022

Honorable Lorna G. Schofield
United States District Court Judge
Southern District of New York
40 Foley Square
New York, NY 10007

      Re:    <u>Steven Rosati v. Long Island Railroad, et al.</u>
             21-Civ.-8594(LGS)

Dear Judge Schofield:

The Metropolitan Transportation Authority ("MTA") Law Department represents defendants the Long Island Rail Road ("LIRR"), a subsidiary of the MTA, the MTA, and Patrick J. Foye in the above referenced matter. In anticipation of the Initial Conference currently scheduled for January 12, 2022 at 4:10 p.m., and pursuant to section III.C.2. of Your Honor's Individual Rules and Procedures for Civil Cases, I write to advise the Court that it is defendants' intention to file a motion to dismiss pursuant to Rule 12(b)(6) and to provide the current status of the matter.

While the complaint in this matter was filed on October 19, 2021 and the Court issued an Order on December 1, 2021 scheduling an initial conference for January 12, 2022 and directing the parties to submit a joint letter setting forth their respective claims and defenses with a proposed discovery plan by January 5, 2022, the complaint, along with the order, was not served on the MTA until January 3, 2022 and not until January 4, 2022 on the LIRR. While a complaint has not been served upon Patrick Foye, the MTA will accept service on his behalf.

On January 4, 2022 at about 9:30 a.m., I called the attorney of record, Leo Jacobs, to advise him that I was assigned the defense of the matter and to discuss the joint letter and proposed discovery plan. He advised me that he was the local attorney on the matter and that it would be handled by John Pierce, an out-of-state attorney. Mr. Jacobs requested that I follow-up with an email that he would forward to Mr. Pierce. Shortly after the telephone conversation, I emailed Mr. Jacobs with a copy to Mr. Pierce asking them to provide a draft joint letter and proposed discovery plan by the end of the day to comply with the Court's Order. I further advised Counsel that I intended to move to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and requested that they advise as to how much time they would need to oppose the motion so a proposed motion scheduled could be presented to the Court.

Counsel did not respond to my email. Accordingly, I emailed Counsel this morning advising them that if they do not respond to my request for a draft joint letter by 2:00 p.m. New York time, I would unilaterally write to the Court to provide a status and to advise the Court of defendants'

*The agencies of the MTA*

MTA New York City Transit     MTA Metro-North Railroad     MTA Capital Construction
MTA Long Island Rail Road     MTA Bridges and Tunnels     MTA Bus Company

intention to move to dismiss the complaint. In addition, I provided Counsel a draft discovery plan. I have received no response from Counsel.

**Anticipated Motion to Dismiss**

Plaintiff, Steven Rosati, commenced the instant action alleging retaliation and conspiracy in violation of 42 U.S.C. §§ 1983, 1985, and 1986 for his alleged protected speech. Plaintiff also alleges claims of retaliation under the Article 8 of the New York State Constitution, the New York City Human Rights Law ("NYCHRL") and Section 201-d of the New York Labor Law. Defendants will move pursuant to Rule 12 (b)(6) to dismiss: (1) the Section 1983 action against the MTA and the LIRR for failure to allege a policy or custom; (2) the entire complaint as against Patrick Foye for failure to allege his personal involvement in any of the acts alleged; (3) plaintiff's Section 1985 claim (Count II) for failure to allege a conspiracy; (4) plaintiff's Section 1986 claim (Count III) for facial insufficiency; and (5) plaintiff's wrongful discharge claim (Count IV) for failure to state a cause of action.

Plaintiff was hired by the LIRR in 2018 as a conductor. Complaint ("Cmpl."), ¶¶ 9-10. Plaintiff operates "multiple politically minded social media pages." Cmpl., ¶ 15. In the months leading up to the 2020 presidential election, plaintiff used social media to campaign for former President Trump and other like-minded causes and candidates. Cmpl., ¶¶ 22-23. While plaintiff alleges that he posted on social media "while off the job site and not on LIRR time" (Cmpl., ¶ 25), he has previously conceded that prior to the 2020 election he posted several videos of himself in a LIRR uniform and on LIRR property.

Plaintiff alleges that on January 21, 2021, the LIRR initiated an internal investigation concerning plaintiff's inappropriate social media activity. Plaintiff's social media posts include, but are not limited to, displays of the white power hand symbol, anti-mask and anti-vaccination rhetoric, racist and sexist comments about former First Lady Michelle Obama, and referring to COVID as the "Kung Flu Virus." Plaintiff alleges that as a result of his posts, "senior administration" brought him in for questioning. Plaintiff was thereafter suspended without pay pending a disciplinary hearing. Plaintiff was charged with conduct unbecoming an employee, violation of the MTA respectful workplace policy, violation of the MTA Social Media Policy, and other violations for posting offensive and racists content while on LIRR property and in LIRR uniform. A disciplinary trial was scheduled for April 20, 2021. Cmpl., ¶ 13. After the trial, plaintiff was found guilty of the charges in the Notice of Trial and was terminated.

To state a Section 1983 claim against a municipality, "a plaintiff must assert that the alleged violations were committed pursuant to an official policy, practice or custom." *Holland v. The City of New York*, 197 F. Supp. 3d 529, 2016 WL 3636249, at *9 (S.D.N.Y. 2016) (citing *Monell*, 436 U.S. at 694); see *Feliciano v. Cty. of Suffolk*, 419 F. Supp. 2d 302, 312 (E.D.N.Y. 2005). To successfully set forth such a claim, a plaintiff is required to plead three elements: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *McLennon v. City of New York*, 171 F. Supp. 3d 69, 94 (E.D.N.Y. 2016) (quoting *Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir.2010)); see *Simms v. City of N.Y.*, 480 Fed. App'x. 627, 629 (2d Cir. 2012).

Steven Rosati v. Long Island Railroad, et al.
21-Civ.-8594(LGS)

Plaintiff makes no allegation of a policy or custom of the LIRR or the MTA to deny the First Amendment rights of its employees. Other than his allegation that he was denied his First Amendment rights, there is no allegation that any other employee was denied their rights pursuant to a policy and/or custom. "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *City of Okla. v. Tuttle*, 471 U.S. 808, 823-24 (1985). Accordingly, plaintiff's Section 1983 claims against the MTA and the LIRR must be dismissed for failure to allege a policy or custom.

A plaintiff must allege the personal involvement of the defendant in the alleged constitutional deprivation in order to state a claim for relief under Section 1983. *Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010). Plaintiff alleges that senior management at the LIRR initiated an internal investigation of his conduct. Cmpl. ¶¶ 27-28. He alleges that the LIRR suspended him without pay. *Id.*, at ¶31. There is no allegation that Mr. Foye had any involvement in those decisions. In order to state plausible claims where a plaintiff is suing multiple defendants, the complaint must sufficiently explain what each defendant allegedly did. *See, Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what each defendant did [to the plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated.") Accordingly, plaintiff's Section 1983 claim with respect to Patrick Foye must be dismissed for failure to include specific allegations of his involvement in the actions LIRR took concerning the plaintiff. *Wolo Mfg. Corp. v. ABC Corp.*, 349 F. Supp. 3d 176, 195 (E.D.N.Y. 2018)("plaintiff's conclusory and vague allegations in the amended complaint, which generally refer to 'defendants' in the plural and fail to describe Feldman's specific role, if any, in the alleged acts of which plaintiff complains, are insufficient to demonstrate Feldman's personal involvement in any of the alleged misconduct.")

To plead a Section 1985 conspiracy, a plaintiff must allege that the conspiracy was "motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus." *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007) (quoting *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999)); *Griffin v. Breckenridge*, 403 U.S. 88, 102, 91 S. Ct. 1790, 29 L. Ed. 2d 338 (1971); *Gleason v. McBride*, 869 F.2d 688, 694-95 (2d Cir. 1989) (outlining the requirements to state a § 1985 claim). Plaintiff makes no allegation that he is a part of any group. He merely alleges that he supported the former president's reelection and other conservative causes. Cmpl., ¶¶ 22-23. "That Defendants retaliated against Plaintiff for his speech is not 'class-based.' '[T]he term class 'unquestionably connotes something more than a group of individuals who share a desire to engage in conduct that the § 1985(3) defendant disfavors.'" *Calvelos v. City of New York*, 2020 U.S. Dist. LEXIS 109266, *48 (S.D.N.Y. 2020)(quoting *Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015). Accordingly, plaintiff's Section 1985 claim must be dismissed.

Section 1986 provides a remedy for persons injured by the neglect or refusal of those having power to prevent wrongs specified in Section 1985. 42 U.S.C. § 1986. Plaintiff's Section 1986 claim is derivative of his Section 1985 claim. Accordingly, plaintiff's Section 1986 claim must be dismissed due to plaintiff's failure to allege a viable Section 1985 claim. *See Gagliardi v. Village*

Steven Rosati v. Long Island Railroad, et al.
21-Civ.-8594(LGS)

*of Pawling,* 18 F.3d 188, 194 (2d Cir. 1994) (upholding dismissal of § 1986 claim based on dismissal of § 1985(3) claim).

Federal courts are courts of limited jurisdiction. See Erwin Chemerinsky, <u>Federal Jurisdiction</u> at 248 (1994); see also, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-89, 56 S. Ct. 780, 80 L. Ed. 1135 (1936). The party invoking the court's jurisdiction has the burden of establishing the jurisdictional basis for the action. *McNutt,* 298 U.S. at 182-89. Plaintiff's common law wrongful discharge claim does not confer federal question jurisdiction on this Court, inasmuch as common law wrongful discharge does not arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Accordingly, plaintiff's wrongful discharge claim under federal law must be dismissed.

Accordingly, it is defendants' intention to move to dismiss the complaint. Defendants are prepared to file the motion to dismiss on or before February 2, 2022.

                                            Respectfully submitted,

                                            *Kevin McCaffrey*
                                            KEVIN McCAFFREY
                                            General Attorney
                                            O: 718-558-6820
                                            C: 917-826-5686

cc:    Leo Jacobs, Esq.
        Attorneys for Plaintiff
        8002 Kew Gardens Road
        New York, NY 11415
        718-772-8704
        leo@jacobspc.com