Jamaica Station  **Phillip Eng**  **Stephen N. Papandon**
Jamaica, NY 11435-4380  President  Acting Vice President, General Counsel & Secretary
718 558-8264 Tel
718 558-8211 Fax

(718) 558-6820



> Application **GRANTED**. The deadline for fact discovery (Dkt. No. 21) is **STAYED** pending a decision on Defendant's motion to dismiss (Dkt. No. 24). The Clerk of Court is respectfully directed to close the motion at Dkt. No. 27.
>
> Dated: February 16, 2022
>       New York, New York
>
> LORNA G. SCHOFIELD
> **UNITED STATES DISTRICT JUDGE**

February 15, 2022

Honorable Lorna G. Schofield
United States District Court Judge
Southern District of New York
40 Foley Square
New York, NY 10007

     Re:    Steven Rosati v. Long Island Railroad, et al.
             21-Civ.-8594(LGS)

Dear Judge Schofield:

The Metropolitan Transportation Authority ("MTA") Law Department represents defendants the Long Island Rail Road ("LIRR"), a subsidiary of the MTA, the MTA, and Patrick J. Foye in the above referenced matter. On today's date, defendants moved to dismiss plaintiff's first amended complaint. (Pursuant to the Court's Individual Practice Rules, a courtesy copy will be provided to the Court when the motion is fully briefed.) I write to request a stay of discovery pending resolution of the motion. This is defendants' first request for a stay and plaintiff consents to the application.

An initial conference was held on January 12, 2022. At the conference the Court discussed with the parties the proposed discovery schedule and defendants' request to move to dismiss the complaint. The Court adopted the parties proposed discovery plan and directed plaintiff to file an amended complaint by January 26, 2022. (In accordance with the Order, defendants have served initial disclosures and discovery demands. To date, plaintiff has not served initial disclosures.) The Court further instructed defense counsel to move to dismiss the amended complaint by February 16, 2022, if counsel believed the amended complaint was deficient. Other than adding a state law claim for defamation, plaintiff's amended complaint is almost identical to his original complaint with the same deficiencies. The claims alleged contain all of the same deficiencies as alleged in the defendants' January 5, 2022 letter to the Court.

In brief, the claims previously alleged are deficient for the following reasons: (1) the claims against the MTA and the LIRR are insufficient under *Monell v. Dep't of Soc. Servs*. of N.Y., 436 U.S. 658, 690-91 (1978); (2) the claims against Patrick Foye must be dismissed for failure to allege personal involvement. *Hernandez v. Sposato*, 2014 U.S. Dist. LEXIS 94611, at *28 (E.D.N.Y. 2014)("A complaint based upon a violation of § 1983 that does not allege facts establishing the personal involvement of an individual defendant fails as a matter of law."); (3) plaintiff's Section 1985 claims must be dismiss for failure to allege that the alleged conspiracy was "motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus." *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007); and (4) plaintiff's Section 1986 claim must be

*The agencies of the MTA*

MTA New York City Transit     MTA Metro-North Railroad     MTA Capital Construction
MTA Long Island Rail Road     MTA Bridges and Tunnels     MTA Bus Company

Steven Rosati v. Long Island Railroad, et al.
21-Civ.-8594(LGS)

dismissed because it is derivative of his Section 1985 claim. *Almonte v. City of Long Beach*, 2006 U.S. Dist. LEXIS 11682, at *25 (E.D.N.Y. 2006).

Plaintiff alleges that he was defamed by Patrick Foye, when Mr. Foye stated that plaintiff's "conduct at the Capitol ought to be investigated and is being investigated." FCA, ¶ 32. However, by plaintiff's own admission, the statement was true. Plaintiff concedes that on January 21, 2021 (the same date Chairman Foye made the statement) he was under investigation by the LIRR for his conduct at the Capitol.  FCA, ¶ 32. Accordingly, plaintiff's defamation claim must be dismissed because he fails to plausibly allege sufficient facts to demonstrate that Chairman Foye made a false statement.

Plaintiff alleges that the LIRR breached the collective bargaining agreement by considering evidence that was stale under the terms of the agreement. Plaintiff's allegation is a "minor dispute" precluded by the Railway Labor Act. *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246 (1994)(preemption by the RLA "where the resolution of a [….] claim depends on an interpretation of the CBA.") Whether a breach occurred depends on an interpretation of the collective bargaining agreement. Accordingly, the claim is precluded by the RLA.

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Thomas v. N.Y. City Dep't of Educ.*, 2010 U.S. Dist. LEXIS 95798, 2010 WL 3709923, at *2 (E.D.N.Y. Sept. 14, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936)). The party seeking the stay must make a showing of "good cause" to warrant a stay of discovery. *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts typically consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (citation omitted).

It is anticipated that plaintiff will seek records and depositions of numerous MTA and LIRR employees, including high ranking officials. Responding to the requests will be burdensome especially considering that plaintiff has failed to allege any viable claims.

Plaintiff will not suffer any prejudice from the stay pending resolution of the matter because he has failed to allege any viable claims.

Steven Rosati v. Long Island Railroad, et al.
21-Civ.-8594(LGS)

Wherefore, for the reasons set forth herein, it is respectfully requested that defendants' motion to stay discovery be granted.

                                                                                 Respectfully submitted,

                                                                                 *Kevin McCaffrey*
                                                                                 KEVIN McCAFFREY
                                                                                 General Attorney
                                                                                 O: 718-558-6820
                                                                                 C: 917-826-5686

cc:    Leo Jacobs, Esq.
        Attorneys for Plaintiff
        8002 Kew Gardens Road
        New York, NY 11415
        718-772-8704
        leo@jacobspc.com