```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
STEVEN ROSATI,                                               :
                                    Plaintiff,               :       21 Civ. 8594 (LGS)
                                                             :
               -against-                                     :       OPINION AND ORDER
                                                             :
LONG ISLAND RAILROAD, et al.,                                :
                                    Defendants.              :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

Plaintiff Steven Rosati, a former employee of Defendant Long Island Railroad ("LIRR"), brings this action against Defendants LIRR, Metropolitan Transit Authority ("MTA") and Patrick Foye asserting retaliation and conspiracy under 42 U.S.C. §§ 1983, 1985, 1986 and various state law claims. Defendants move to dismiss the First Amended Complaint ("FAC") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, Defendants' motion to dismiss the federal claims is granted, and the Court declines to exercise supplemental jurisdiction over the state law claims.

I.   BACKGROUND

The following facts are taken from the FAC, or documents referenced in or integral to the FAC. *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 306 (2d Cir. 2021). The facts are construed in the light most favorable to Plaintiff as the non-moving party and presumed to be true only for purposes of this motion. *Id.* at 299 n.1.

Plaintiff was employed by the LIRR as a conductor between June 2018 and May 11, 2021. Plaintiff operates multiple politically-minded social media pages where he provides updates on political news and campaigns for conservative candidates and causes. Plaintiff publishes podcasts and online videos regarding a wide range of political topics and manages the

"Unfiltered Conservative" and "Clash Brothers United" pages on Twitter and TikTok and their associated podcasts. Plaintiff creates his publications while off the job site, not on LIRR time and without using LIRR equipment.[1] Plaintiff continuously voiced support and publicly campaigned for former President Donald J. Trump and other conservative candidates and causes on his social media pages, including in the months leading up to the 2020 Presidential Election.

On January 21, 2021, the LIRR initiated an internal investigation into Plaintiff's purported inappropriate social media activity. Plaintiff, accompanied by a union representative, was brought in for questioning by members of LIRR's senior administration. During the meeting on January 21, 2021, Plaintiff contended that he was exercising his First Amendment rights by offering his opinion on current political issues. Shortly after the meeting, the LIRR informed Plaintiff that he was suspended without pay as of January 21, 2021, pending the results of a disciplinary hearing scheduled for April 20, 2021.[2]

During a January 21, 2021, MTA Board Meeting, which was open to the public, MTA Chairman Patrick Foye stated that "[Plaintiff's] conduct at the Capitol ought to be investigated and is being investigated." Plaintiff maintains that he (1) lawfully and peacefully assembled "right outside" the Capitol building; (2) is not the subject of any criminal investigation and (3) has not been charged with any crime in connection with his peaceful assembly. Plaintiff was terminated from his employment with LIRR on May 11, 2021, based on his social media posts.

---

[1] In Plaintiff's affidavit submitted in opposition to the motion, he concedes that some content pictured him in his uniform with LIRR property in the background. Because this motion to dismiss is based on the sufficiency of the FAC's allegations, the facts in Plaintiff's affidavit are not considered.

[2] According to Plaintiff's memorandum of law, Plaintiff's employment was subsequently terminated.

Plaintiff filed this action on October 19, 2021.  On January 5, 2022, Defendants filed a pre-motion letter in anticipation of their motion to dismiss.  At an initial pretrial conference on January 12, 2022, Plaintiff stated his intention to file an amended complaint.  The Court advised Plaintiff that he should review Defendants' pre-motion letter closely and try to remedy the alleged deficiencies in the complaint.  On January 26, 2022, Plaintiff filed the FAC.  This motion followed.[3]

## II.  LEGAL STANDARDS

On a motion to dismiss, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party but does not consider "conclusory allegations or legal conclusions couched as factual allegations." *Dixon v. Blanckensee,* 994 F.3d 95, 101 (2d Cir. 2021) (internal quotation marks omitted).  To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Kaplan v. Lebanese Canadian Bank, SAL*, 999 F.3d 842, 854 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678; *accord Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 189 (2d Cir. 2020).  It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[]" claims "across the line from conceivable to plausible."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Hancock v. County of Rensselaer*, 882 F.3d 58, 64 (2d Cir. 2018).  To survive dismissal, "plaintiffs must provide the

---

[3] Plaintiff's memorandum of law in opposition to the motion exceeds the twenty-five-page limit set by this Court's Individual Rules and the Order dated January 13, 2022.  Plaintiff was not required to resubmit the memorandum because Defendants' Reply had already been filed, but Plaintiff is advised that continued disregard for the Court's rules and orders may result in sanctions.

3

grounds upon which [their] claim rests through factual allegations sufficient to raise a right to relief above the speculative level." *Rich v. Fox News Network, LLC*, 939 F.3d 112, 121 (2d Cir. 2019) (alteration in original) (internal quotation marks omitted).

## III. DISCUSSION

For the reasons discussed below, Defendants' motion to dismiss the federal claims is granted, and the Court declines to exercise supplemental jurisdiction over the state law claims.

### A. Section 1983 *Monell* Claim Against the MTA and LIRR

#### 1. The *Monell* Claim is Dismissed as Conclusory

Defendants' motion to dismiss the § 1983 claim against the MTA and LIRR is granted because the FAC fails to allege facts sufficient to establish municipal liability under *Monell*. To state a § 1983 claim, "a plaintiff must allege that (1) the defendant was a state actor, i.e., acting under color of state law, when he committed the violation and (2) the defendant deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States." *Milan v. Wertheimer*, 808 F.3d 961, 964 (2d Cir. 2015) (internal quotation marks omitted). Section 1983 "does not confer any substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Vill. of Freeport v. Barrella*, 814 F.3d 594, 600 n.8 (2d Cir. 2016) (internal quotation marks omitted).

Under the Supreme Court decision, *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658 (1978), a municipal entity is liable "under § 1983 only if the challenged conduct occurred 'pursuant to a municipal policy or custom.'" *Green v. Dep't of Educ. of N.Y.*, 16 F.4th 1070, 1077 (2d Cir. 2021) (quoting *Patterson*, 375 F.3d at 226); *see also Starks v. Metro. Transp. Auth.*, No. 20 Civ. 9569, 2022 WL 814668, at *6 (S.D.N.Y. Mar. 17, 2022) ("To allege a claim for relief under Section 1983 against a municipal defendant, such as the MTA, a plaintiff must

4

allege that a policy, custom or practice caused the deprivation of the plaintiffs' constitutional rights."); *Rodriguez v. City of New York*, No. 21 Civ. 1649, 2022 WL 768159, at *19-20 (E.D.N.Y. Mar. 14, 2022) (dismissing *Monell* claims against MTA and LIRR). "To establish a claim for *Monell* liability, [the plaintiff] must show that the [municipal defendant] had '(1) an official policy or custom that (2) cause[d] [him] to be subjected to (3) a denial of a constitutional right.'" *Torcivia v. Suffolk Cnty.*, 17 F.4th 342, 354, 354-55 (2d Cir. 2021) (quoting *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)). To satisfy the requirement of showing an official policy or custom "a plaintiff may challenge an 'express rule or regulation,' or the plaintiff may allege that the challenged practice 'was so persistent or widespread as to constitute a custom or usage with the force of law' or that the facts 'imply the constructive acquiescence of senior policy-making officials.'" *Green*, 16 F.4th at 1077 (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 315 (2d Cir. 2015)).

The FAC repeatedly makes the conclusory allegation that Defendants "act[ed] pursuant to official policy in the course [of] initiating an internal investigation in response to Mr. Rosati's social media posts, making official statements about his conduct at the public board meeting, and suspending him without pay . . . ." The FAC "fails to support this conclusory claim with factual content that allows the court to draw the reasonable inference that the [MTA and LIRR are] liable for the misconduct alleged." *Feaster v. City of New York*, No. 20-1122, 2021 WL 4597766, at *1 (2d Cir. Oct. 7, 2021) (internal quotation marks omitted). For example, the FAC does not identify or describe any "official policy," by what entity it was enacted or adopted, nor how or by whom it was enforced to cause Plaintiff to be denied a constitutional right. The § 1983 claim is dismissed because the FAC's allegations regarding an official policy are insufficient to support a claim. *See, e.g.*, *Feaster,* 2021 WL 4597766, at *1 (affirming dismissal

5

and denial of leave to amend where proposed amended complaint failed to support conclusory claim of an official municipal policy with factual allegations); *Genao v. City of New York*, No. 20 Civ. 4872, 2022 WL 845750, at *5 (S.D.N.Y. Mar. 22, 2022) (dismissing *Monell* claim based on conclusory allegation that the conduct occurred as a result of "an official policy or custom").

### 2. The Underlying MTA and LIRR Policies Are Not Properly Considered

For the first time in his memorandum of law in opposition to the motion, Plaintiff referenced the MTA social media policy, and alleged that he was suspended because of violating Rule E of the LIRR Operations Handbook ("LIRR Rule E"). Plaintiff filed these policies with his opposition papers. Plaintiff further alleges in his opposition memorandum that "Defendants' official social media policy in the context of the LIRR Operations Handbook as executed violated the Plaintiff's first amendment rights."

The FAC alleges that Plaintiff was terminated as a result of his social media posts but does not identify any specific policy that prompted his termination. Defendants, in support of their motion, submitted the LIRR Notice of Discipline, which explains that Plaintiff was terminated for violating the MTA Social Media Policy, portions of Article IV.A of the MTA Respectful Workplace Policy, as well as LIRR Rule E. The Notice of Discipline specifically states that "your social media communications included offensive language and conduct, including using but not limited to your public displays of a white power hand symbol" in violation of the MTA Social Media Policy and the MTA Respectful Workplace Policy; that Plaintiff posted messages and photographs on social media that "subjected the Carrier to public criticism" in violation of LIRR Rule E; and that Plaintiff posted photographs and videos "while on Carrier property and/or equipment and while in LIRR uniform" in violation of the MTA Social Media Policy.

These various policies submitted by both parties and Plaintiff's assertion that LIRR Rule E is unconstitutional as applied are not properly before the Court on this motion. The Court may not "consider[ ] materials outside the pleadings in ruling on [a] motion to dismiss." *Friedl v. City of New York*, 210 F.3d 79, 81 (2d Cir. 2000); *accord Pincover v. J.P. Morgan Chase Bank, N.A.*, No. 21 Civ. 3524, 2022 WL 864246, at *5 (S.D.N.Y. Mar. 22, 2022) ("Factual assertions raised for the first time in a plaintiff's opposition papers, including supporting affidavits and exhibits, are not properly considered by the Court on a 12(b)(6) motion to dismiss as that would constitute improper reliance on matters outside the pleadings." (internal quotation marks omitted)). Plaintiff's vague allegation that Defendants "act[ed] pursuant to official policy" is insufficient to bring these specific policies before the Court. A document may be incorporated by reference if it is quoted in the complaint, *see, e.g., Anschutz Corp. v. Merrill Lynch & Co., Inc.*, 690 F.3d 98, 104 (2d Cir. 2012), but "[l]imited quotation from material outside [a] complaint does not constitute incorporation by reference." *Global Network Comms., Inc. v. City of New York*, 458 F.3d 150, 156 (2d Cir. 2006); *accord Sec. & Exch. Comm'n v. Medallion Fin. Corp.*, No. 21 Civ. 11125, 2022 WL 3043224, at *1 (S.D.N.Y. Aug. 2, 2022). "Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." *United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021). Here, the polices were not attached to, referenced nor quoted in the FAC.

Plaintiff may seek to replead the *Monell* claim, but must specify the policies that allegedly caused him to be suspended and terminated, and plead facts sufficient to establish each element of the underlying constitutional violation of First Amendment retaliation, including the particular speech that he claims was the basis for the retaliation.

7

### B. Section 1983 Claim Against Foye

The § 1983 claim against Foye is legally insufficient because it does not allege that he was personally involved in the suspension or termination of Plaintiff allegedly in retaliation of Plaintiff's exercise of his First Amendment rights. Individual liability under § 1983 requires personal involvement in the alleged constitutional deprivation. *See Brandon v. Kinter*, 938 F.3d 21, 36 (2d Cir. 2019) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983."). The FAC's allegations about Foye pertain exclusively to Plaintiff's state law claim of defamation, based on Foye's public statement that Plaintiff's "conduct at the Capitol ought to be investigated and is being investigated." The Complaint contains no allegations of Foye's role in Plaintiff's suspension or termination. Accordingly, the § 1983 claim against Foye is dismissed. *See Littlejohn v. City of New York*, 795 F.3d 297, 314 (2d Cir. 2015) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") (internal quotation marks omitted); *Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013).

Plaintiff's opposition memorandum contains a lengthy factual narrative from which he argues it should be inferred that Foye participated directly in the alleged constitutional violation -- "that there is a strong causal or other direct connection between Patrick Foye being personally involved in inciting, engaging in and directing reprisals and retaliation against [Plaintiff]." These factual allegations cannot be considered on this motion as they appear nowhere in the FAC. "A party is not *entitled* to amend the complaint through statements made in motion papers." *Soules v. Conn., Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 56 (2d Cir. 2018) (internal quotation marks omitted).

Plaintiff may seek to replead the § 1983 claim against Foye, but must allege facts that make plausible that Foye took an adverse employment action against Plaintiff because of Plaintiff's protected speech.

### C. Section 1985 Claim

The FAC fails to state a claim for conspiracy because it fails to allege class-based discrimination.  A § 1985 claim must allege facts showing that the purpose of the conspiracy was to "depriv[e], either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws."  *Dolan v. Connolly*, 794 F.3d 290, at 296 (2d Cir. 2015); *accord Bailey v. New York L. Sch.*, No. 19-3473, 2021 WL 5500078, at *4 (2d Cir. Nov. 24, 2021).  "The conspiracy must also be motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus."  *Id.*

The FAC alleges that the decisions to suspend and terminate Plaintiff's employment were based on his posts on social media supporting former President Trump and other conservative views.  "It is unclear whether . . . a political party is a protected group satisfying § 1985's class-based discrimination requirement."  *Young America's Foundation v. Stenger,* No. 20 Civ. 822, 2021 WL 3738005, at *13 (N.D.N.Y. Aug. 24, 2021) (internal quotation marks omitted).  "[S]ome district courts in this Circuit have since concluded that political affiliation alone does not constitute a protected 'class' under Section 1985."  *Vidurek v. Koskinen*, No. 17 Civ. 9064, 2018 WL 3597644, at *12 (S.D.N.Y. July 25, 2018), *aff'd,* 789 F. App'x 889 (2d Cir. 2019).

Even if political affiliation is a protected class under § 1985, the FAC's allegations about Plaintiff's political views do not satisfy § 1985's requirement to allege facts showing a conspiracy whose purpose was class-wide discrimination.  Even the new allegations in Plaintiff's affidavit suggest that any discrimination was not class-wide.  Plaintiff states that employees who

9

expressed similar views on social media were never disciplined, and that he was singled out because he "had an influence over a lot of people's minds."

The FAC also contains no facts that plausibly allege a conspiracy to engage in class-wide discrimination against people of Plaintiff's race. *See Masri v. Thorsen*, No. 17 Civ. 4094, 2020 WL 1489799, at *8 (S.D.N.Y. 2020) ("[C]ourts in the Second Circuit have found that discriminatory animus is adequately alleged when particularized facts are pled."). Plaintiff offers in his opposing memorandum that he is a member of a protected class on account of his Caucasian race, Italian heritage and union membership, but he alleges no facts tying these attributes to his suspension or termination, nor to any conspiracy to discriminate against Caucasian union members of Italian heritage.

### D. Section 1986 Claim

Because the § 1985 claim is dismissed, Plaintiff's § 1986 claim is also dismissed because "a § 1986 claim must be predicated on a valid § 1985 claim." *Brown v. City of Oneonta, New York*, 221 F.3d 329, 341 (2d Cir. 2000) (internal quotation marks omitted); *accord Salu v. Miranda*, 830 F. App'x 341, 343 n.1 (2d Cir. 2020) (summary order).

### E. State Law Claims

The Court declines to exercise supplemental jurisdiction over the FAC'S various state law claims. A district court may decline to exercise supplemental jurisdiction where "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(a). When "a plaintiff's federal claims are dismissed before trial, 'the state claims should be dismissed as well.'" *Brzak v. United Nations*, 597 F.3d 107, 113-14 (2d Cir. 2010) (quoting *Cave v. E Meadow Union Sch. Dist.*, 514 F.3d 240, 250 (2d Cir. 2008)); *accord Vaughn v. Phx. House N.Y., Inc.*, 957 F.3d 141, 146 (2d Cir. 2020) ("Because the District Court properly

dismissed [the federal] claims, the only claims over which it had original jurisdiction, it did not abuse its discretion by declining to exercise supplemental jurisdiction over his [state law] claims.").

## IV. LEAVE TO REPLEAD

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a). However, "where the plaintiff is unable to demonstrate that he would be able to amend his complaint in a manner which would survive dismissal, opportunity to replead is rightfully denied." *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999); *accord Dominguez v. Taco Bell Corp.*, No. 19 Civ. 10172, 2020 WL 3263258, at *6 (S.D.N.Y. June 17, 2020). Plaintiff may seek leave to replead his § 1983 claims by September 13, 2022.

Should Plaintiff seek leave to replead solely to cure the deficiencies identified in this Opinion, he shall file a letter motion not to exceed two pages explaining how his proposed Second Amended Complaint ("SAC") cures such deficiencies. Plaintiff shall append to the letter motion a draft of the proposed SAC marked to show changes from the FAC. Within seven days of the filing of any such letter motion, Defendants shall file a letter response not to exceed two pages.

## V. CONCLUSION

For the foregoing reasons, the motion to dismiss the federal claims is **GRANTED**, and the Court declines to exercise supplemental jurisdiction over the state law claims. Plaintiff may seek leave to replead as provided above.

The Clerk of Court is respectfully directed to close the motion at Docket No. 24.

Dated: August 23, 2022
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**