Jamaica Station
Jamaica, NY 11435-4380
718 558-8264 Tel
718 558-8211 Fax

(718) 558-6820

**Phillip Eng**
President

**Stephen N. Papandon**
Acting Vice President, General Counsel & Secretary



September 20, 2022

Honorable Lorna G. Schofield
United States District Court Judge
40 Foley Square
New York, NY 10007

    Re:    <u>Steven Rosati v. Long Island Railroad, et al.</u>
            21-Civ.-8594(LGS)

Dear Judge Schofield:

The Metropolitan Transportation Authority ("MTA") Law Department represents defendants the Long Island Rail Road ("LIRR"), a subsidiary of the MTA, the MTA, and Patrick J. Foye in the above referenced matter. Pursuant to the Court's August 23, 2022 Order, defendants write to advise the Court that they believe that plaintiff's Third Amended Complaint is still deficient for failure to set forth sufficient allegations that the alleged conduct that deprived plaintiff of his constitutional rights was pursuant to a policy or custom of the MTA or LIRR as required under *Monell v. Department of Soc. Svcs.*, 436 U.S. 658 (1978). Moreover, plaintiff has failed to adequately allege the personal involvement in any constitutional violation by Patrick Foye. Accordingly, defendants respectfully request the plaintiff's Third Amended Complaint ("3d A. Cmpl.") be dismissed.

To state a Section 1983 claim against a municipality, "a plaintiff must assert that the alleged violations were committed pursuant to an official policy, practice or custom." *Holland v. The City of New York*, 197 F. Supp. 3d 529, 2016 WL 3636249, at *9 (S.D.N.Y. 2016) (citing *Monell*, 436 U.S. at 694); see *Feliciano v. Cty. of Suffolk*, 419 F. Supp. 2d 302, 312 (E.D.N.Y. 2005). To successfully set forth such a claim, a plaintiff is required to plead three elements: "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *McLennon v. City of New York*, 171 F. Supp. 3d 69, 94 (E.D.N.Y. 2016) (quoting *Torraco v. Port Auth. of N.Y. & N.J.*, 615 F.3d 129, 140 (2d Cir.2010)

While plaintiff alleges the existence of policies under which he was disciplined and ultimately terminated (3d A. Cmpl., ¶¶ 11, 19-22, 48, 52), he does not allege that the policies cited resulted in a constitutional deprivation. The mere existence of a policy in and of itself is insufficient to adequately plead a *Monell* claim. A plaintiff must show that there is a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *Triano v. Town of Harrison, N.Y.*, 895 F. Supp. 2d 526, 531 (S.D.N.Y. 2012) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385(1989). Plaintiff fails to do so. Rather, he alleges that the policies "were arbitrarily exploited as false pretenses to justify retaliation against [him] for attending the protests at the Capitol on January 6, 2021. 3d A. Cmpl., ¶ 74.  Accordingly, plaintiff is alleging that the

*The agencies of the MTA*

MTA New York City Transit      MTA Metro-North Railroad      MTA Capital Construction
MTA Long Island Rail Road      MTA Bridges and Tunnels      MTA Bus Company

defendants retaliated against him for participating in the January 6, 2021 insurrection, not for violating MTA policies.

Plaintiff's allegation that he was terminated for his involvement in the January 6, 2021 insurrection is insufficient to allege a custom or policy of defendants to retaliate against those who peacefully protest. There is no allegation that any other employee was denied their rights pursuant to a policy and/or custom. "Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *City of Okla. v. Tuttle*, 471 U.S. 808, 823-24 (1985). Moreover, plaintiff's assertion that Chairman Foye's announcement of an investigation at the January 21, 2021 news conference is insufficient to satisfy *Monell*. (3d A. Cmpl., ¶¶69-70). The "bare assertion that a policy exists, and the conclusion that [a defendant] was responsible for it," is insufficient as a matter of law to state a [civil rights] claim against senior Government officials. *Guzman v. City of N.Y.*, 2011 U.S. Dist. LEXIS 73206, , at *11 (S.D.N.Y. July 7, 2011). Moreover, as conceded by plaintiff, he was under investigation at the time that Foye made the comment. The comment, therefore, cannot be the cause for the alleged constitutional violation. There is no allegation that Foye ordered plaintiff's suspension or termination. Accordingly, plaintiff's Section 1983 claims against the MTA and the LIRR must be dismissed for failure to allege a policy or custom.

Plaintiff alleges that Chairman Foye's reference to him at the January 21, 2021 news conference and the "mischaracterization" of plaintiff's presence at the Capitol led to the "illegitimate" investigation of him following January 21, 2021. 3d A. Cmpl., ¶¶ 68-70. However, plaintiff concedes that he was advised of an investigation by the LIRR two days before Chairman Foye's comments. 3d A. Cmpl., ¶ 66. Accordingly, plaintiff's own allegations contradict his claim that Chairman Foye was personally involved in the determination to suspend plaintiff. At most, the timing of Chairman Foye's comment concerning plaintiff and the disciplinary investigation implies only that Chairman Foye was aware of the investigation. A supervisor's mere "knowledge and acquiescence" cannot establish personal involvement under § 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). "Thus, under *Iqbal*, a defendant can be liable under section 1983 only if that defendant took an action that deprived the plaintiff of his or her constitutional rights." *Joseph v. Fischer*, 2009 U.S. Dist. LEXIS 96952, *40 (S.D.N.Y. 2009). Here, plaintiff merely alleges that Chairman Foye called plaintiff a "jackass" on the same day that plaintiff was suspended. Other than an inference about the timing of Chairman Foye's statement, there is no specific allegation in the complaint that Chairman Foye was directly involved in the determination to suspend plaintiff. Therefore, plaintiff's allegations are insufficient to allege the personal involvement of Chairman Foye. *See Spavone v. N.Y. State Dep't of Corr. Serv.,* 719 F.3d 127, 135 (2d Cir. 2013) (holding that a plaintiff proceeding under Section 1983 must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation).

Plaintiff's breach of the collective bargaining agreement claim is preempted by the Railway Labor Act. *Hawaiian Airlines, Inc. v. Norris*, 512 U.S. 246 (1994)(the RLA preempts claims "where the resolution of a [….] claim depends on an interpretation of the CBA.)

<u>Steven Rosati v. Long Island Railroad, et al.</u>
21-Civ.-8594(LGS)


Accordingly, plaintiff's Third Amended Complaint is deficient and should be dismissed.

                                                      Respectfully submitted,

                                                      *Kevin McCaffrey*
                                                      KEVIN McCAFFREY
                                                      General Attorney
                                                      O: 718-558-6820
                                                      C: 917-826-5686


cc:    Leo Jacobs, Esq.
        Attorneys for Plaintiff
        8002 Kew Gardens Road
        New York, NY 11415
        718-772-8704
        leo@jacobspc.com