UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
STEVEN ROSATI,                                                            **JURY TRIAL DEMANDED**

          Plaintiff,

     -against-                                                                21-Civ.-8594(LGS)


LONG ISLAND RAILROAD,
METROPOLITAN TRANSIT                                          **ANSWER TO SECOND**
AUTHORITY and PATRICK J. FOYE,                           **AMENDED COMPLAINT**
individual,

          Defendants.

-------------------------------------------------------

     Defendants Long Island Rail Road Company ("LIRR") (s/h/a Long Island Railroad), Metropolitan Transportation Authority ("MTA") (s/h/a Metropolitan Transit Authority) and Patrick J. Foye by and through their attorney, answers plaintiff's second amended complaint as follows:

## PARTIES

     1.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 1 of the second amended complaint.

     2.     Defendants deny the truth of the allegations set forth in ¶ 2 of the second amended complaint, except admits that all times herein mentioned, the defendant LIRR, is and was at all times a public benefit corporation duly organized, created and existing under the laws of the State of New York with its principal office located in Jamaica, Queens.

     3.     Defendants deny the truth of the allegations set forth in ¶ 3 of the second amended complaint, except admits that all times herein mentioned, the defendant MTA, is and was at all times a public authority duly organized, created and existing under the laws of the State of New

York with its principal office located in New York, NY.

4. Defendants admit the allegations set forth in ¶ 4 of the second amended complainant.

## JURISDICTION AND VENUE

5. Defendants admit the allegations set forth in ¶¶ 5, 6 and 7 of the second amended complaint.

## STATEMENT OF FACTS

6. Defendants deny the truth of the allegations set forth in ¶ 8 of the second amended complaint, except to admit that plaintiff was employed by the LIRR as an assistant conductor from June 2018 to May 11, 2021.

7. Defendants deny the truth of the allegations set forth in ¶ 9 of the second amended complaint, except to admit that plaintiff's salary and working conditions were governed by a collective bargaining agreement ("CBA") between the LIRR and Sheet Metal, Air, Rail & Transportation Workers-Transportation Division, Local Lodges 645 and 1831 ("SMART") dated April 4, 2017 through May 31, 2019.

8. Defendants deny the truth of the allegations set forth in ¶ 10 of the second amended complaint, except to admit that Exhibit B of the second amended complaint depicts accurate excerpts of Article 42 (b) and (f) of the CBA between SMART and the LIRR.

9. Defendants deny the truth of the allegations set forth in ¶ 11 of the second amended complaint, except to admit that Exhibit C of the second amended complaint depicts accurate excerpts of Rule E and Rule 801 of the LIRR Rules of the Operating Department.

10. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶¶ 12, 13, 14 and 15 of the second amended complaint, except

to admit that plaintiff posted on social media in a LIRR uniform and from LIRR property.

11. Defendants deny the truth of the allegations set forth in ¶ 16 of the second amended complaint.

12. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 17 of the second amended complaint, except to admit that plaintiff posted on social media in a LIRR uniform and from LIRR property.

13. Defendants deny the truth of the allegations set forth in ¶ 18 of the second amended complaint.

14. Defendants deny the truth of the allegations set forth in ¶ 19 of the second amended complaint, except to admit that pursuant to state and federal regulations, the LIRR drafted and enforced a requirement that individuals on LIRR property wear a mask.

15. Defendants deny the truth of the allegations set forth in ¶ 20 of the second amended complaint, except to admit that Exhibit E of the second amended complaint is an accurate copy of a June 15, 2020 Memorandum to All MTA Employees with reference to MTA All-Agency Guidance to all Employees concerning Social Media Use.

16. Defendants deny the truth of the allegations set forth in ¶ 21 of the second amended complaint, except to admit that Exhibit F is an accurate copy of the MTA "Respectful Workplace Policy."

17. Defendants deny the truth of the allegations set forth in ¶ 22 of the second amended complaint, except to admit that Exhibit G is an accurate copy of the MTA "Social Media Policy."

18. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶¶ 23 and 24 of the second amended complaint.

19. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 25 of the second amended complaint, except to admit that plaintiff posted on social media in a LIRR uniform and on LIRR property.

20. Defendants deny the truth of the allegations set forth in ¶ 26 of the second amended complaint, except to admit that a meeting was held where plaintiff was advised that he was not permitted to post on social media in uniform and on LIRR property.

21. Defendants deny the truth of the allegations set forth in ¶¶ 27 and 28 of the second amended complaint.

22. Defendants deny the truth of the allegations set forth in ¶ 29 of the second amended complaint, except to admit that plaintiff was cited for failure to comply with LIRR, MTA, New York State and United States masking rules.

23. Defendants admit to the truth of the allegations set forth in ¶ 30 of the second amended complaint.

24. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 31 of the second amended complaint, except to admit that plaintiff used a hand signal that has been associated with the hateful ideology of white supremacy.

25. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶¶ 32 and 33 of the second amended complaint, except to admit that on January 6, 2021, plaintiff was photographed on the steps of the Capitol Building beyond barriers set up by the United States Secret Service and Capitol Police to keep protestors out of the Capitol Building.

26. Defendants deny knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in ¶¶ 34 and 35 of the second amended complaint.

27. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 36 of the second amended complaint, except to admit that on January 6, 2021, plaintiff was photographed on the steps of the Capitol Building beyond barriers set up by the United States Secret Service and Capitol Police to keep protestors out of the Capitol Building.

28. Defendants deny the truth of the allegations set forth in ¶ 37 of the second amended complaint, except to admit that plaintiff returned to work on January 7, 2021.

29. Defendants deny the truth of the allegations set forth in ¶¶ 38, 39 and 40 of the second amended complaint, except to admit that plaintiff was cited for failure to comply with LIRR, MTA, New York State and United States masking rules.

30. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 41 of the second amended complaint, except to admit that on January 6, 2021, plaintiff was photographed on the steps of the Capitol Building beyond barriers set up by the United States Secret Service and Capitol Police to keep protestors out of the Capitol Building.

31. Defendants deny the truth of the allegations set forth in ¶ 42 of the second amended complaint, except to admit that on January 19, 2021, plaintiff was instructed to report to the Trial Office on January 21, 2021, because the LIRR was conducting an investigation.

32. Defendants deny the truth of the allegations set forth in ¶ 43 of the second amended complaint, except to admit that plaintiff failed to appear at his appointed start time and was thus marked away without leave and that he was required to turn in his company phone.

33. Defendants deny the truth of the allegations set forth in ¶¶ 44, 45, 46 and 47 of the

second amended complaint, except to admit that the link set forth in footnote 1 is an accurate link to the January 21, 2021 MTA Board Meeting and press conference thereafter.

34. Defendants deny the truth of the allegations set forth in ¶ 48 of the second amended complaint, except admit that on January 21, 2021, plaintiff reported to the Trial Office where he was advised that the LIRR was investigating a complaint and he was questioned about outside employment and his posting on social media in uniform and on LIRR property.

35. Defendants deny the truth of the allegations set forth in ¶¶ 49 and 50 of the second amended complaint, except to admit that plaintiff was suspended without pay.

36. Defendants deny the truth of the allegations set forth in ¶ 51 of the second amended complaint, except to admit that on or about January 19, 2021, plaintiff was served with a Notice of Trial, Case No.: 932-21, Failure to Follow a Supervisor's Instructions; Violation of Rule 801 of the Rules of the Operating Department; Violation of Corporate Safety Rule 900.3.2.

37. Defendants deny the truth of the allegations set forth in ¶ 52 of the second amended complaint, except to admit that on or about January 29, 2021, plaintiff was served with a Notice of Trial alleging: "Conduct Unbecoming an Employee of the LIRR; Violation of the MTA Respectful Workplace Policy; Violation of the MTA Social Media Policy; Violation of Rule E and 801 of the Rules of the Operating Department."

38. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 53 of the second amended complaint.

39. Defendants deny truth of the allegations set forth in ¶ 54 of the second amended complaint, except to admit that Exhibits N, O and P are accurate copies of Trial Notices served on plaintiff.

40. Defendants deny the truth of the allegations set forth in ¶ 55 of the second

amended complaint, except to admit that Exhibits N, O and P are accurate copies of Trial Notices served on plaintiff.

41. Defendants deny the truth of the allegations set forth in ¶ 56 of the second amended complaint, except to admit that Exhibit P is an accurate copy of a Trial Notice served on plaintiff.

42. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 57 of the second amended complaint, except admit that with the consent and agreement of SMART, plaintiff's disciplinary trial was adjourned.

43. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 58 of the second amended complaint, except admit that on May 11, 2021, after a departmental trial, plaintiff was found guilty of Conduct Unbecoming an Employee of the LIRR; Violation of the MTA Respectful Workplace Policy; Violation of the MTA Social Media Policy; Violation of Rule E and 801 of the Rules of the Operating Department and assessed the penalty of termination.

## COUNT I

**Retaliation Based on Exercise of the Right to Free Speech in
Violation of 42 U.S.C. § 1983
(All Defendants)**

44. In answer to ¶ 59 defendants repeats, reiterates and realleges each and every answer made to ¶¶ 1 to 58 of the second amended complaint inclusive, with the same force and effect as though set forth herein once again at length.

45. Defendants deny the truth of the allegations set forth in ¶ 60 of the second amended complaint.

46. Defendants deny the truth of the allegations set forth in ¶ 61 to the extent it

alleges that social media posts were outside the scope of plaintiff's official duties as a LIRR and deny knowledge or information as to the truth of the remaining allegations.

47. Defendants deny the truth of the allegations set forth in ¶ 62 of the second amended complaint.

48. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶ 63 of the second amended complaint, except to admit that on January 6, 2021, plaintiff was photographed on the steps of the Capitol Building beyond barriers set up by the United States Secret Service and Capitol Police to keep protestors out of the Capitol Building.

49. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in ¶¶ 64, 65 and 66 of the second amended complaint.

50. Defendants deny the truth of the allegations set forth in ¶¶ 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80 and 81 of the second amended complaint.

## COUNT II

### Retaliation Under State Law in violation of
### New York Labor Law 201-D
### (All Defendants)

51. In answer to ¶ 82 defendants repeats, reiterates and realleges each and every answer made to ¶¶ 1 to 81 of the second amended complaint inclusive, with the same force and effect as though set forth herein once again at length.

52. Defendants deny the truth of the allegations set forth in ¶¶ 83, 84, 85, 86, 87 and 88 of the second amended complaint.

## COUNT III

### Breach of Collective Bargaining Agreement
### (All Defendants)

53. In answer to ¶ 89 defendants repeat, reiterates and realleges each and every answer made to ¶¶ 1 to 88 of the second amended complaint inclusive, with the same force and effect as though set forth herein once again at length.

54. Defendants deny the truth of the allegations set forth in ¶ 90 of the complaint and direct the Court to the CBA.

55. Defendants deny the truth of the allegations set forth in ¶¶ 91, 92, 93, 94 and 95 of the second amended complaint.

### FIRST AFFIRMATIVE DEFENSE

56. Plaintiff fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

57. Plaintiff's claims are barred, in whole or in part, for failure to comply with the requirements of PAL 1276.

### THIRD AFFIRMATIVE DEFENSE

58. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

59. Plaintiff's claims are barred, in whole or part, by the Railway Labor Act.

### FIFTH AFFIRMATIVE DEFENSE

60. Defendant's actions were based upon legitimate non-discriminatory and/or non-retaliatory reasons.

### SIXTH AFFIRMATIVE DEFENSE

61.     Plaintiff failed to mitigate his damages.

### SEVENTH AFFIRMATIVE DEFENSE

62.     Defendants are not subject to punitive damages.

### EIGHTH AFFIRMATIVE DEFENSE

63.     All actions taken by Defendants with respect to Plaintiff were pursuant to the applicable LIRR and MTA rules and policies.

### NINTH AFFIRMATIVE DEFENSE

64.     At all times relevant to the acts alleged in the complaint, the defendants acted reasonably in the proper and lawful exercise of their discretion.

### TENTH AFFIRMATIVE DEFENSE

65.     Defendant Patrick Foye is entitled to qualified immunity from liability under 42 U.S.C. § 1983 because he acted in good faith and a reasonable person in his positions would not have known that any of his actions or inactions would have violated a clearly established constitutional right of plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

66.     Defendant Patrick Foye acted under the objectively reasonable belief that his acts were proper an in accord with clearly established law, and/or even if there were such law, it was reasonable for defendant to believe such law did not exist; therefore he is entitled to qualified immunity.

### TWELFTH AFFIRMATIVE DEFENSE

67. The alleged civil rights violations set forth in the complaint do not impose liability on the defendants under the case of <u>Monell v. New York State Department of Social Services</u>, as a matter of law.

### THIRTEENTH AFFIRMATIVE DEFENSE

68. The alleged civil rights violations set forth in the complaint do not impose liability on Patrick Foye, as a matter of law, for failure to allege personal involvement.

### FOURTEENTH AFFIRMATIVE DEFENSE

69. Plaintiff's breach of contract action (Count III) is precluded by the Railway Labor Act.

### FIFTEENTH AFFIRMATIVE DEFENSE

70. The Court does not have jurisdiction over plaintiff's breach of contract action (Count III) because of the Railway Labor Act.

Dated:   Jamaica, New York
         October 21, 2022

                                        PAIGE GRAVES, ESQ.
                                        MTA General Counsel
                                        Attorney for Defendants

                                        By: *Kevin McCaffrey*
                                            Kevin McCaffrey
                                        Metropolitan Transportation Authority
                                        Law Department - 1143
                                        Jamaica Station
                                        Jamaica, New York 11435
                                        (718) 558-6820

TO: **JACOBS P.C.**
*Counsel for Plaintiff Steven Rosati*
Leo Jacobs, Esq.
8002 Kew Gardens Road
New York, NY 11415
T: (718) 772-8704
Leo@jacobspc.com

**JOHN PIERCE LAW**
John M. Pierce (PHV to be submitted)
jpierce@johnpiercelaw.com
21550 Oxnard Street
3rd Floor, PBM#172
Woodland Hills, CA 91367
Tel: (213) 279-7648